# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN STROUD | : |
| | :     CIVIL ACTION |
| v. | : |
| | :     NO. 10-3355 |
| RYAN BOORSTEIN, ET AL. | : |

**SURRICK, J.**                                                    **JANUARY $\underline{3/}$, 2012**

## MEMORANDUM

Presently before the Court is Plaintiff's Motion for Reconsideration of Court's Order

Dated November 30, 2011. (ECF No. 21.) For the following reasons, Plaintiff's Motion will be

granted.

## I.   BACKGROUND

Plaintiff Steven Stroud filed this § 1983 action on July 21, 2010, while incarcerated in the

Northampton County Prison. (ECF Nos. 1-3.) At the time, Plaintiff was acting *pro se*. Plaintiff

advised the Court in a letter dated August 9, 2010 that he had been released from prison and was

living at 834 West Wilkes Barre Street, Easton, Pennsylvania 18042. (Aug. 9, 2010 Ltr., ECF

No. 7.) The letter was filed on the case docket on August 13, 2010. (*Id.*)

Plaintiff was appointed legal counsel on August 19, 2010. (ECF No. 13.) Susan Ayres,

Esquire, agreed to enter her appearance and represent Plaintiff's interests. Counsel attempted

numerous times to contact Plaintiff by both mail and telephone. Apparently, Counsel had been

sending letters using the Northampton County Prison's address, and not the address in the letter

filed on August 13, 2010. (Pl.'s Mot. Ex. C.) Counsel advised the Court by letter dated

September 19, 2011, that she was unable to locate Plaintiff. (Sept. 19, 2011 Ltr. (on file with

Court).) Based on Counsel's representations, an Order was entered on November 30, 2011, dismissing Plaintiff's Complaint with prejudice (the "Dismissal Order"). (ECF No. 19.) The Dismissal Order explained that Counsel was unable to contact Plaintiff and that the Complaint was being dismissed for Plaintiff's failure to prosecute. (*Id.* at n.1.)

On December 9, 2011, Plaintiff sent a letter to the Court in response to the Dismissal Order. (Dec. 9, 2011 Ltr. (on file with Court).) Plaintiff advised that Counsel did not contact him. Plaintiff requests that his case not be dismissed. On December 19, 2011, Plaintiff sent another letter concerning the Dismissal Order. (Dec. 19, 2011 Ltr. (on file with Court).) Plaintiff states in this letter that "there has been a mistake" and that Counsel never tried to reach him by mail. (*Id.*) He further states that the address on file with the Court must be correct because he received the Dismissal Order at that address. (*Id.*) Plaintiff requests that the Court reconsider the Dismissal Order. (*See id.* ("This lady has confused me with someone else and I hope that you reconsider my appeal with all due respect.").)

On December 29, 2011, Plaintiff's Counsel filed a Motion for Reconsideration of Court's Order Dated November 30, 2011 (Pl.'s Mot., ECF No. 21), and accompanying Memorandum of Law (Pl.'s Br., ECF No. 21). Defendants filed a response in opposition to the Motion on January 12, 2012. (Defs.' Resp., ECF No. 22.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows parties to file a motion to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e). The purpose of a motion for reconsideration under Rule 59(e) is to "correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

Federal Rule of Civil Procedure 60(b) provides that a party may seek relief from a final judgment, order or proceeding for any of six enumerated reasons.[1] One ground to set aside an order is when there has been "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The general purpose of Rule 60(b) is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. and Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). The decision to set aside an order or judgment under Rule 60(b) "lies in the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." *Lewis v. Tennis*, No. 08-4498, 2010 U.S. Dist. LEXIS 60409, at *6 (E.D. Pa. June 17, 2010) (internal quotation marks and citations omitted).

## III.    DISCUSSION

Plaintiff argues that the Court's reconsideration of the Dismissal Order is justified to correct a manifest error of fact. Specifically, Plaintiff alleges that "[t]he error of fact in this matter

[1] Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

3

is that the Plaintiff was not in contact with the Court or that he was not responding to [his attorney's] attempts to reach him." (Pl.'s Br. 2.) Plaintiff contends that he had been in contact with the Court and was unaware that Counsel was trying to reach him. In opposition to the Motion, Defendants argue that the Motion is untimely and that there is no newly discovered evidence warranting reconsideration of the Dismissal Order.

Initially, we will determine whether Plaintiff's Motion seeks relief under Rule 59(e) or under Rule 60(b). This will assist in determining whether the Motion was timely filed. Plaintiff's Motion requests that we "reconsider [the] November 30, 2011 Order, vacate the Order and reactivate [the] case." (Pl.'s Br. 3.) The Order of November 30th dismissed the case with prejudice. The Third Circuit has explained the difference between Rule 59(e) motions and Rule 60(b) motions as follows:

> Although motions for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) serve similar functions, each has a particular purpose. Rule 60(b) provides six bases for reconsideration, including "mistake, inadvertence, surprise, or excusable neglect" as alleged by [movant]. Fed. R. Civ. P. 60(b)(1). In contrast, Rule 59(e) permits the filing of a motion to alter or amend a judgment. A motion under Rule 59(e) is a device to relitigate the original issue decided by the district court, and used to allege legal error.

*United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (internal quotations marks and citations omitted).

Plaintiff does not argue that any legal error was committed. Rather, Plaintiff requests that the Dismissal Order be vacated because it was based on factual error. Plaintiff contends that the error results from the assumption that he was not in contact with the Court or Counsel, and that he therefore failed to prosecute his case. Moreover, Plaintiff requests that the Dismissal Order be vacated; he does not seek alteration or amendment of the Order. Accordingly, the Motion is more

4

properly characterized as a Rule 60(b) motion as opposed to a Rule 59(e) motion. *See Perry v. Del. River Port Auth.*, 208 F. App'x 122, 124-25 (3d Cir. 2006) (applying the Rule 60(b) standard to a motion requesting that an order of dismissal be vacated); *see also Choi v. Kim*, 258 F. App'x 413, 415 (3d Cir. 2007) ("It is the relief desired, rather than the title of the motion itself, that governs how the Court should construe the character of a motion.").

## A. Timeliness of the Motion

Defendants argue that the Motion should be dismissed as untimely. A motion to set aside a judgment or order under Rule 60(b) must be made "within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c).[2] Reason (1) allows an order to be vacated for "mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b)(1). Plaintiff's position that there was a mistake underlying the Dismissal Order falls into this category.

We are satisfied that the Motion was filed within a reasonable time after the Dismissal Order was entered. The Motion was filed only 29 days after the Dismissal Order. As soon as Plaintiff received the Dismissal Order, he immediately contacted the Court by letter, advising the Court that the Order was entered in error because he was unaware that an attorney had been appointed. The first letter was dated December 9, 2011, only 9 days after the Dismissal Order was entered. Plaintiff sent another letter on December 19, 2011, reiterating that a mistake had been made and requesting that the Court reconsider dismissal of his case.

Defendants argue that the Motion is untimely under the District Court's Local Rule 7.1(g).

---

[2] A motion to alter or amend a judgment under Rule 59(e) must be filed within 28 days of entry of the judgment. Fed. R. Civ. P. 59(e).

That rule provides that a motion for reconsideration must be "served and filed within fourteen (14) days after the entry of the judgment, order, or decree concerned." E.D. Pa. Local R. Civ. P. 7.1(g). We have determined that Plaintiff's Motion, despite its title, is properly characterized as a motion for relief from an order or judgment under Rule 60(b).[3]

Courts generally apply Local Rule 7.1(g) to motions for reconsideration. This includes motions under Rule 59(e). *See, e.g., Kimmel v. Cavalry Portfolio Servs., LLC*, No. 10-680, 2011 U.S. Dist. LEXIS 83008, at *3-4 (E.D. Pa. July 27, 2011) (citing Fed. R. Civ. P. 59(e) and Local Rule 7.1(g) as standard to apply to motions for reconsideration); *Archway Ins. Servs., LLC v. James River Ins. Co.*, No. 09-2711, 2010 U.S. Dist. LEXIS 130288, at *5-6 (E.D. Pa. Dec. 8, 2010) (same). The Third Circuit has affirmed this application. *See Const. Drilling, Inc. v. Crofts*, 90 F. App'x 630, 632 (3d Cir. 2004) (affirming denial of motion for reconsideration as untimely under Fed. R. Civ. P. 59(e) and Local Rule 7.1(g)). It is unclear, however, whether Local Rule 7.1(g) applies to motions under Rule 60(b). Some courts have applied Rule 7.1(g) in determining that a Rule 60(b) motion was untimely. *See, e.g., Lazorko v. Pa. Hosp.*, No. 96-4858, 2001 U.S. Dist. LEXIS 15860, at *3 (E.D. Pa. Sept. 19, 2001). At least one court in this District has analyzed a motion that was untimely under Rule 7.1(g) as a timely Rule 60(b) motion, noting that "motions for reconsideration filed pursuant to Rule 59(e) but outside of its 10-day jurisdictional period have, on occasion, been interpreted as falling under Rule 60(b)." *Mash v. Twp. of Haverford Dept. of Codes Enforcement*, No. 06-4479, 2007 U.S. Dist. LEXIS 67265, at *12-13 (E.D. Pa. Sept. 11,

---

[3] We reject Defendants' related argument that the Court may not judicially extend the time frame for a motion for reconsideration. Defendants rely on the case *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 870 (3d Cir. 1994), where relief was sought under Rule 59(e) and not Rule 60(b). *Adams* is inapposite.

2007) (citing cases).

Even if Local Rule 7.1(g) applies to Rule 60(b) motions, we would waive application of the Rule under these circumstances. The Third Circuit has determined that a district court has the authority to "depart from the strictures of its own local procedural rules" in circumstances where "(1) it has a sound rational for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *United States v. Eleven Vehicles, Their Equip. and Accessories*, 200 F.3d 203, 215 (3d Cir. 2000); *see also Archway Ins. Serv.*, 2010 U.S. Dist. LEXIS 130288, at *7-8 (waiving application of Local Rule 7.1(g)). There is a sound rationale for suspending application of Rule 7.1(g) to the extent that it applies here. Plaintiff's first letter to the Court on December 9th, wherein he requested that the Court not dismiss his case, was sent within the fourteen-day time frame required by the Rule. This letter, despite not having been served on Defendants, may be construed liberally in light of Plaintiff's *pro se* status at the time, as a request to reconsider the Dismissal Order. *See Federal Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) ("Even in the formal litigation context, pro se litigants are held to a lesser pleading standard than other parties."). Furthermore, there is no evidence that Defendants relied on Rule 7.1(g) or that they will be prejudiced if Plaintiff's Motion were to be granted. Given Plaintiff's *pro se* status up until this point, justice requires that we allow his case to be heard on the merits instead of dismissing it on a technicality. *See Roman v. City of Reading*, No. 02-4763, 2004 U.S. Dist. LEXIS 4570, at *23 (E.D. Pa. Mar. 22, 2004) (noting that the court previously vacated the order of dismissal despite an untimely request because the court is "mindful of its duty to be solicitous toward pro se litigants"); *see also* Fed. R. Civ P. 1 (stating that the Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of

7

every action and proceeding").

### B.    Basis for Relief

Turning to the merits of Plaintiff's claim, we may set aside the Dismissal Order based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Here, mistake warrants vacating the Dismissal Order. The Order was entered under the mistaken assumption that Plaintiff failed to prosecute his case by not responding to his attorney's repeated requests to contact her. The Court has since learned that Plaintiff's counsel was using the wrong address when attempting to contact Plaintiff. Justice requires allowing Plaintiff to proceed with this case.

Excusable neglect also justifies granting Plaintiff's Motion. When determining whether a party's neglect is "excusable" under Rule 60(b), "courts are to take into account all relevant circumstances surrounding the party's failure to file." *George Harms Constr. Co. v. Chao*, 371 F.3d 156, 163 (3d Cir. 2004). Factors to consider include the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reasons advanced for the delay, including whether it was within the reasonable control of the moving party, and whether the moving party acted in good faith. *Id.* at 164 (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs., L.P.*, 507 U.S. 380, 395 (1993)).

Defendants will not be prejudiced by allowing Plaintiff's case to proceed. The delay here has not been significant. Plaintiff has demonstrated good faith in diligently attempting to correct the error and move his case forward. There is no evidence in the record suggesting that Plaintiff was even aware that Counsel had been appointed until Plaintiff received the Dismissal Order. It is clear based upon Plaintiff's conduct that if he had been aware that Counsel was appointed, he would have contacted her. It was Counsel's responsibility to check the case docket upon accepting

representation of this case. Had Counsel done this, she would have seen that Plaintiff gave notice

of his change of address in August 2010. This oversight proved costly to Plaintiff as it resulted in

the dismissal of his case. We are satisfied that Plaintiff should not be punished for this oversight.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration of Court's Order Dated

November 30, 2011 will be granted.

An appropriate Order follows.

BY THE COURT:

R. BARCLAY SURRICK, J.

9