IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN STROUD | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 10-3355 |
| RYAN BOORSTEIN, ET AL. | : | |

SURRICK, J.                                                      JUNE  30 , 2014

**MEMORANDUM**

Presently before the Court is Plaintiff's Motion for Reconsideration.  (ECF No. 48.)  For the following reasons, the Motion will be denied.

I.      **BACKGROUND**

This Section 1983 action arises out of the arrest of Plaintiff Steven Stroud for driving under the influence of alcohol and related offenses.  Plaintiff alleged claims of false arrest, malicious prosecution, excessive force, assault and battery, failure to provide medical treatment, and deprivation of property against four city of Easton law enforcement officers:  Ryan Boorstein, Andrew Ocetnik, Daniel Bonham, and Sergeant Brian Herncane.  The factual background surrounding this matter is fully set forth in our May 19, 2014 Memorandum granting in part and denying in part Defendants' Partial Motion for Summary Judgment.  (*See* SJ Mem., ECF No. 43; SJ Order, ECF No. 44.)[1]

On May 19, 2014, we determined that summary judgment in favor of Defendants was appropriate with respect to Plaintiff's claims for false arrest, malicious prosecution, and unconstitutional denial of medical treatment.  We also dismissed the deprivation of property

_____

[1] The Memorandum and Order are dated May 19, 2014, were faxed to counsel on that date, and were filed with the Clerk of Court.  The docket reflects that they were placed on the docket on May 20, 2014.

claim against Defendants Boorstein, Bonham, and Herncane.[2]  Finally, we dismissed Plaintiff's

claims for excessive force and assault and battery against Sergeant Herncane, but determined that

disputed issues of material fact precluded our dismissal of these claims against Officer Bonham.[3]

On June 19, 2014, Plaintiff filed the instant Motion, requesting that the Court reconsider

our Summary Judgment Order.  (Pl.'s Mot., ECF No. 48.)  On June 25, 2014, Defendants filed a

Response in opposition to the Motion.  (Def.'s Resp., ECF No. 52.)[4]

## II.   LEGAL STANDARD

A party is entitled to have a court reconsider a judgment in the following circumstances:

"(1) an intervening change in the controlling law; (2) the availability of new evidence that was

not available when the court granted the motion for summary judgment; or (3) the need to correct

a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café ex rel. Lou–*

*Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA*

*Reinsurance Co*., 52 F.3d 1194, 1218 (3d Cir. 1995)); *see also Interdigital Commc'ns, Corp. v.*

*Fed. Ins. Co*., 403 F. Supp. 2d 391, 392 (E.D. Pa. 2005).  Motions to reconsider will only be

granted for "compelling reasons . . . not for addressing arguments that a party should have raised

earlier."  *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010) (internal quotations omitted).

"A motion to reconsider judgment is not a means to reargue matters already argued and disposed

of or as an attempt to relitigate a point of disagreement between the Court and the litigant."

*Gavaghan v. Said*, No. 12-3689, 2013 U.S. Dist. LEXIS 94073, at *3 (E.D. Pa. July 3, 2013)

---

[2] Defendants did not seek dismissal of this claim against Officer Ocetnik.

[3] Defendants did not seek dismissal of the excessive force, and assault and battery claims against Officers Boorstein and Ocetnik.

[4] The same day that Plaintiff's counsel, Susan B. Ayers, filed this Motion for Reconsideration, she also filed a motion to withdraw as counsel for Plaintiff, referencing a deteriorated attorney-client relationship as the basis.  (*See* ECF No. 49.)

(internal quotation marks omitted); *see also Mash v. Twp. of Haverford Dep't of Codes Enforcement*, No. 06-4479, 2007 U.S. Dist. LEXIS 67265 at *8 (E.D. Pa. Sept. 11, 2007) ("It is improper on a motion for reconsideration to ask the court to rethink what it has already thought through—rightly or wrongly.") (citations omitted).

## III.   DISCUSSION

Initially we will address the timing of Plaintiff's Motion.  Our Summary Judgment Memorandum and Order were entered on May 19, 2014.  Plaintiff filed the Motion to Reconsider on June 19, 2014, which is 31 days after the Summary Judgment Order was signed and faxed to counsel.  The parties dispute which Rule of Civil Procedure applies to Plaintiff's request for reconsideration.  Plaintiff seeks reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure.  Rule 60(c) provides that the motion for relief from judgment or order must be filed "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  Defendant argues that Rule 59(e) applies, and that under Rule 59(e) and Local Rule 7.1(g), Plaintiff's Motion is untimely.  Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  Local Rule 7.1(g) provides that "[m]otions for reconsideration or reargument shall be served and filed within fourteen (14) days after the entry of the order concerned, other than those governed by Federal Rule of Civil Procedure 59(e)." E.D. Pa. Local Rule 7.1(g).  Therefore, if Rule 59(e) is the appropriate vehicle for analyzing Plaintiff's Motion, the Motion would be untimely.  The time period for filing motions to reconsider under Rule 59(e) is considered jurisdictional and cannot be extended by the Court. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rule[] 59(b), (d), (e), and 60(b)."); *Mash*, 2007 U.S. Dist. LEXIS 67265, at *5.

Whether a motion for reconsideration of a district court's summary judgment ruling is

analyzed under Rule 60(b) or Rule 59(e) is unclear.[5]  The purpose of the motion for

reconsideration, rather than the actual Rule of Civil Procedure relied upon, determines the

character of the motion.  *Mash*, 2007 U.S. Dist. LEXIS 67265, at *12 (citing *United States v.*

*Contents of Accounts Nos. 3034504504 & 144-07143*, 971 F.2d 974, 987 (3d Cir. 1992)).[6]  The

Third Circuit has discussed the difference between rule 59(e) motions and rule 60(b) motions:

---

[5] There does not appear to be a consistent approach among the courts in this district; some courts have treated the motion as one seeking relief from a judgment or order under Rule 60, and other courts have treated the motion as one seeking to alter or amend a judgment under Rule 59.  *See, e.g.*, *Foster v. Westchester Fire Ins. Co*., No. 09-1459, 2012 U.S. Dist. LEXIS 88274, at *10-11 n.1 (W.D. Pa. June 26, 2012) (noting that there is "considerable confusion about which rule of civil procedure provides the basis for motions for reconsideration" but analyzing the motion under Rule 59(e)); *United States v. Allgyer*, No. 11-2651, 2012 U.S. Dist. LEXIS 180621, at *7-9 n.7 (E.D. Pa. Dec. 20, 2012) (examining motion to reconsider under Rule 60 where plaintiff failed to indicate which Rule he wished to use because plaintiff was *pro se* and would have been time-barred otherwise); *Young v. Sch. Dist. of Phila*., No. 06-4485, 2010 U.S. Dist. LEXIS 24733, at *3-4 (E.D. Pa. Mar. 16, 2010) (recognizing that motions for reconsideration are typically analyzed under either Rule 59(e) or Rule 60(b), but that orders granting summary judgment are interlocutory, and thus neither of the rules apply, and that the court nonetheless "possesses the inherent power" to reconsider interlocutory orders "when it is consonant with justice to do so"); *Mash*, 2007 U.S. Dist. LEXIS 67265, at *1-2 (dismissing as untimely motion for reconsideration of summary judgment order under Rule 59(e), and noting that to the extent the motion is brought under Rule 60(b), the motion is denied "because plaintiff failed to present any new evidence or any 'extraordinary circumstances'").

[6] Rule 60(b) provides that:

[T]he court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

> Although motions for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) serve similar functions, each has a particular purpose. Rule 60(b) provides six bases for reconsideration, including mistake, inadvertence, surprise, or excusable neglect as alleged by [movant]. In contrast, Rule 59(e) permits the filing of a motion to alter or amend a judgment. A motion under Rule 59(e) is a device to relitigate the original issue decided by the district court, and used to allege legal error.

*United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (internal quotations marks and citations omitted). Plaintiff does not allege mistake, or that newly discovered evidence justifies reconsideration of our Summary Judgment ruling. Instead, Plaintiff alleges that the Court misunderstood the facts and improperly made credibility determinations. His Motion is more properly characterized as a Rule 59(e) motion. *See Mash*, 2007 U.S. Dist. LEXIS 67265, at * 13-14. Under Rule 59(e), Plaintiff's Motion is untimely.

Even if we assume that Rule 60(b) applies and that Plaintiff's Motion is timely, it must nevertheless be denied. Plaintiff has raised three arguments in his Motion. None of these arguments have merit. The first argument raised by Plaintiff is that genuine issues of material fact exist in relation to his false arrest and malicious prosecution claims. Specifically, Plaintiff contends that he was never told that he was under arrest, and was never read his *Miranda* rights. As a result, Plaintiff contends that he was "not arrested." Plaintiff suggests that the absence of an arrest somehow creates a genuine issue of material fact "with regard to whether the procedures afforded him during his traffic stop were in violation of his constitutional rights." (Pl.'s Mot. 2.) Plaintiff's argument is frivolous. A false arrest claim requires Plaintiff to establish two elements: (1) that an arrest occurred; and (2) that the arrest was made without probable cause. (SJ Mem. 9 (citing *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012).) In our Summary Judgment Memorandum, we determined that Plaintiff's false arrest claim failed because the police officers had probable cause to arrest Plaintiff. Plaintiff now

5

asserts that an arrest never occurred.  His argument makes little sense.  If an arrest never occurred, then the first element of a false arrest claim has not been established.

In any event, the police officers had probable cause to stop Plaintiff for traffic violations. They also had probable cause to arrest him and take him into the police station to be charged with DUI and other offenses.  A police officer has probable cause to arrest "where the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *United States v. Cruz*, 910 F.2d 1072, 1076 (3d Cir. 1990).  The record reveals that there are a number of undisputed facts that support a finding of probable cause.  Plaintiff does not dispute that he was pulled over because his rear window was covered by a plastic bag that blocked his view.  He does not dispute that the light on his license plate was out.  This is why the police approached his vehicle in the first place.  Plaintiff also does not dispute that he smelled of alcohol, that his speech was slurred, and that he had glassy, bloodshot eyes.  These undisputed facts alone provided the police officers with probable cause to arrest Plaintiff for DUI.  But there was more.  Plaintiff became irate and was yelling at the officers.  He failed several field sobriety tests.  He resisted arrest to the point that he had to be tasered.  He lied to the police officers with regard to his whereabouts that night.  Plaintiff contends that whether these things occurred depends on the determination of credibility.  Even if Plaintiff is correct in this regard, it does not change the fact that the police officers had probable cause to arrest Plaintiff based upon the undisputed facts.

With respect to the malicious prosecution claim, "to prove a malicious prosecution claim, 'a plaintiff must show that:  (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause;

(4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty.'" (SJ Mem. 12 (quoting *Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007).) We determined that "Plaintiff's malicious prosecution claim fails for the same reasons that his false arrest claim fails: the police officers had probable cause to arrest Plaintiff for DUI." (*Id*. at 13.) Whether or not Plaintiff was arrested at the scene of the traffic stop or when he was booked at the county jail does not alter our determination that the police officers had probable cause to stop Plaintiff for traffic violations and bring him into the police station to be charged with DUI. Plaintiff has failed to show an error of fact, let alone a *clear* error of fact, and has not suffered a manifest injustice.

The second argument raised by Plaintiff is that there was a disputed issue of fact "with regard to Defendants' version of the events" that requires the Court to reconsider its dismissal of Plaintiff's false arrest and malicious prosecution claims. (Pl.'s Mot. 2.) Specifically, Plaintiff alleges that when he was stopped by the police officers, he was on his way home from a friend's house. Defendants do not contest the fact that Plaintiff attempted to visit a friend in route from the dance club to his home. Defendants asserted in their summary judgment motion that when the police officers first questioned Plaintiff about his whereabouts that evening, Plaintiff stated that he was coming from his girlfriend's house, and then later confessed that he had been at a dance club. Plaintiff may literally have been driving from his friend's house towards his home, however, his convenient omission of the fact that he spent most of the evening at a dance club, and his later confession of this fact, together with all of the other facts surrounding the stop, contributed to the police officers' probable cause to arrest him. Plaintiff's claims for false arrest and malicious prosecution were properly dismissed.

Finally, Plaintiff argues that his excessive force claims "should be permitted to go forward." (Pl.'s Mot. 6.) Plaintiff's argument is perplexing because the excessive force claims against three of the four officers are going forward. The Court only dismissed Plaintiff's claims for excessive force and assault and battery against Sergeant Herncane. As we stated in our Summary Judgment Memorandum, the parties do not dispute that Sergeant Herncane arrived at the scene of the incident after any acts of force were alleged to have occurred. In fact, the only force that Plaintiff alleges on the part of Sergeant Herncane was that the Sergeant "used his hip" to "slam[] the door" of the police car while Plaintiff was sitting inside of it. (SJ Mem. 20.) Based on these undisputed facts, we correctly determined that Plaintiff's allegations were not adequate to maintain claims for excessive force and assault and battery against Sergeant Herncane. Plaintiff alleges, for the first time in this Motion, that while he was being "kicked and punched," the officers were calling him "racial obscenities." (Pl.'s Mot. 5.) Whether or not this is true is of no consequence when dealing with Plaintiff's claim against Sergeant Herncane since Herncane's arrival to the scene of the incident came after Plaintiff was allegedly kicked and punched by the other police officers. The excessive force and assault and battery claims were properly dismissed against Sergeant Herncane.

An appropriate order will follow.

**BY THE COURT:**

_____

**R. BARCLAY SURRICK,   J.**