IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN STROUD | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 10-3355 |
| RYAN BOORSTEIN, ET AL. | : | |

SURRICK, J.                                                    NOVEMBER  5 , 2014

## MEMORANDUM

Presently before the Court is Defendants' Motion *in Limine* to Preclude Plaintiff from Introducing Disposition of Criminal Charges and Results of Blood Alcohol Content Test (ECF No. 30), Plaintiff's Motion *in Limine* to Exclude Any and all Evidence Concerning Prior Criminal History (ECF No. 31), and Plaintiff's Motion *in Limine* to Exclude Any and All Evidence Concerning Encounters Between Plaintiff and Law Enforcement Post-Dating July 18, 2009 (ECF No. 34).  For the following reasons, Defendants' Motion *in Limine* to Preclude Plaintiff from Introducing Disposition of Criminal Charges and Results of Blood Alcohol Content Test will be denied, Plaintiff's Motion *in Limine* to Exclude Any and all Evidence Concerning Prior Criminal History will be granted in part and denied in part, and Plaintiff's Motion *in Limine* to Exclude Any and All Evidence Concerning Encounters Between Plaintiff and Law Enforcement Post-Dating July 18, 2009, will be denied without prejudice.

## I.    BACKGROUND

The factual background for this Section 1983 action is set forth more fully in the Court's May 19, 2014 Memorandum granting in part and denying in part Defendants' partial motion for summary judgment (ECF Nos. 43, 44); *Stroud v. Boorstein*, No. 10-3355, 2014 U.S. Dist. LEXIS 69525 (E.D. Pa. May 20, 2014), and June 30, 2013 Memorandum denying Plaintiff's motion for

reconsideration (ECF Nos. 54, 55); *Stroud v. Boorstein*, No. 10-3355, 2014 U.S. Dist. LEXIS 89240 (E.D. Pa. June 30, 2014).[1]  As a result of our summary judgment ruling, the claims remaining in this case are the excessive force claim against Defendants Ryan Boorstein, Daniel Bonham, and Andrew Ocetnik (Count 1), the deprivation of property claim against Defendant Ocetnik (Count 2), and the assault and battery claims against Defendants Boorstein, Bonham, and Ocetnik (Count 3).

On October 10, 2012, Defendants filed a Motion *in Limine* to Preclude Plaintiff from Introducing Disposition of Criminal Charges and Results of Blood Alcohol Content Test. (Defs.' BAC Mot., ECF No. 30.)  On November 15, 2012, Plaintiff filed Responses to this Motion.  (Pl.'s BAC Resp., ECF No. 40.)  Also on October 10, 2012, Plaintiff filed a Motion *in Limine* to Exclude Any and all Evidence Concerning Prior Criminal History.  (Pl.'s Crim. Hist. Mot., ECF No. 31.)  Defendants filed a Response to this Motion on May 29, 2014.  (Defs.' Crim. Hist. Resp., ECF No. 45.)  On October 12, 2012, Plaintiff filed a Motion *in Limine* to Exclude Any and All Evidence Concerning Encounters between Plaintiff and Law Enforcement Post-Dating July 18, 2009.  (Pl.'s Encounters Mot., ECF No. 34.)  On May 29, 2014, Defendants filed a Response to this Motion.  (Defs.' Encounters Resp., ECF No. 46.)

On September 9, 2014, Plaintiff's attorney, Susan B. Ayers, was permitted to withdraw as counsel for Plaintiff.  (ECF No. 59.)  Plaintiff was given 30 days to obtain new counsel.  (ECF

---

[1] In our Summary Judgment Memorandum and Order, we determined that summary judgment in favor of Defendants was appropriate with respect to Plaintiff's claims for false arrest, malicious prosecution, and unconstitutional denial of medical treatment.  We also dismissed the deprivation of property claim against Defendants Boorstein, Bonham, and Herncane.  Defendants did not seek dismissal of this claim against Officer Ocetnik.  Finally, we dismissed Plaintiff's claims for excessive force and assault and battery against Sergeant Herncane, but determined that disputed issues of material fact precluded our dismissal of these claims against Officer Bonham.  Defendants did not seek dismissal of the excessive force or assault and battery claims against Officers Boorstein and Ocetnik.

No. 60.)  Having failed to obtain counsel within that time frame, Plaintiff now proceeds *pro se*. Trial in this matter is scheduled for November 10, 2014.

## II.    DISCUSSION

### A.    Defendants' Motion to Preclude Disposition of Criminal Charges and Results of Blood Alcohol Content Test (ECF No. 30)

Defendants seek to exclude any evidence or testimony concerning the disposition of Plaintiff's criminal charges in this matter.  Plaintiff was charged with aggravated assault, simple assault, recklessly endangering another person, driving under the influence of alcohol or controlled substances, resisting arrest, harassment, and summary traffic citations.  The DUI charges were withdrawn, and the aggravated assault and reckless endangerment charges were dismissed.  A jury found Plaintiff not guilty of the remaining charges, except for the summary traffic violations, on which a Judge found Plaintiff guilty.   Defendants contend that evidence showing that charges against Plaintiff were dismissed, or showing that Plaintiff was acquitted of other charges, is not relevant to prove claims of excessive force.  Plaintiff responds that the fact that Plaintiff was found not guilty of the crimes is highly relevant because it relates directly to whether the police officers were reasonable in the amount of force they used to detain Plaintiff.

The Federal Rules of Evidence "embody a strong and undeniable preference for admitting any evidence which has the potential for assisting the trier of fact."  *Kannankeril v. Terminix Int'l*, 128 F.3d 802, 806 (3d Cir. 1997).  Evidence is relevant it if "has any tendency to make a fact more or less probable" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.  Under Federal Rule of Evidence 403, relevant evidence may nevertheless be excluded "if its probative value is substantially outweighed by the danger of one or more of the following:  unfair prejudice, confusing of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  District courts are

given "very substantial discretion" in deciding whether evidence is admissible under Rule 403. *United States v. Diaz,* 592 F.3d 467, 475 (3d Cir. 2010).

We are satisfied that the disposition of Plaintiff's criminal charges in this case is relevant to his civil claims for excessive force and assault and battery. Plaintiff alleges that the police officers punched and kicked him, threw him to the ground, and used a Taser gun on him. Plaintiff further alleges that this "attack" occurred while the officers were shouting aloud that Plaintiff was resisting arrest, but that Plaintiff was not resisting. One of the key elements to prove an excessive force claim is the unreasonableness of the police officer's actions in seizing the plaintiff. *See Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999); *see also Graham v. Connor*, 490 U.S. 386, 395 (1989) (stating that "*all* claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard") (emphasis in original). In considering the reasonableness of the police officers' actions, a jury may find relevant the fact that Defendant was acquitted of assault and resisting arrest charges. The jury may also find relevant the fact that a judge dismissed the aggravated assault and reckless endangerment charges. Prejudice may result to Plaintiff if a jury were to learn that he was charged with these crimes, but not hear that he was found not guilty of them. *See Dull v. Conway*, No. 07-307, 2009 U.S. Dist. LEXIS 96476, at *12-14 (M.D. Pa. Oct. 19, 2009) (denying the defendant's request to preclude the plaintiff from using evidence of the acquittal of his criminal charges in a subsequent Section 1983 action).

Defendants also seek to exclude Plaintiff's Blood Alcohol Content ("BAC") results. The BAC revealed that Plaintiff had a .01 blood alcohol level, well below the legal limit of .08. For similar reasons, this evidence is relevant on the issue of the police officers' reasonableness or

unreasonableness during the incident in question.  In our Summary Judgment Memorandum, we determined that the police officers had probable cause to arrest Plaintiff for driving under the influence of alcohol.  Based on this finding, we dismissed the false arrest and malicious prosecution claims since they require proof that the arrest was made without probable cause. This determination was not based upon the BAC results, but based upon the facts and circumstances surrounding the stop and arrest.  The fact that Plaintiff had a BAC level that was well below the legal limit, however, may be relevant with regard to his demeanor at the time of the incident, and the level of force that was required to detain and arrest Plaintiff.  Therefore, Plaintiff will not be precluded from offering his BAC results into evidence.

**B.    Plaintiff's Motion to Exclude Prior Criminal History (ECF No. 31)**

Plaintiff seeks to exclude any evidence of his prior criminal history.[2]  Plaintiff argues that evidence of previous arrests, including their dispositions, is irrelevant, highly prejudicial, and constitutes improper character evidence.  Defendants contend that Plaintiff's prior convictions, including any statements he made about these convictions, are admissible as impeachment evidence should Plaintiff testify on certain issues at the trial in this matter.  Defendants cite to the following four prior arrests and convictions as falling within the purview of proper impeachment evidence:

1.    Plaintiff's 2002 arrest for possession of marijuana and resisting arrest. The resisting arrest charge was dropped.  Plaintiff testified during his deposition that he did not resist arrest, but was assaulted by the police officers.  (Pl.'s Crim. Hist. Mot. 4; Defs.' Crim. Hist. Resp. 2; Stroud Dep. 30-33, Defs.' Resp. Ex. A.)

2.    Plaintiff's 2002 arrest and conviction for obstructing the administration of

---

[2] Plaintiff references fifteen crimes with which he had been formerly charged.  The charges occurred over a period of time ranging from 1985 to 2002, and include such crimes as drug possession, drug distribution, weapon possession, disorderly conduct against police officers, resisting arrest, burglary, assault, and obstruction.  (Pl.'s Crim. Hist. Mot. 3-4.)

the law.  Plaintiff was also charged with resisting arrest, but that charge was dismissed.  (Pl.'s Crim. Hist. Mot. 4; Defs.' Crim. Hist. Resp. 2.)  Plaintiff testified that he was assaulted by the police officers and did not resist arrest.  (Defs.' Resp. 2; Stroud Dep. 33-37.)

3.   Plaintiff's 1997 arrest and 1998 conviction for burglary, resisting arresting, and assaulting a police officer.  (Pl.'s Crim. Hist. Mot. 4; Defs.' Crim. Hist. Resp. 2.)  Plaintiff claims that he did not assault the police officer, and did not commit the burglary.  (Stroud Dep. 38-40.)  Plaintiff served two and a half years in prison for these convictions.

4.   Plaintiff's 1991 arrest for simple assault and disorderly conduct.  (Pl.'s Crim. Hist. Mot. 4; Defs.' Crim. Hist. Resp. 2.)  Plaintiff claims that he was assaulted by the police officers during this arrest.  (Defs.' Crim. Hist. Resp. 2 (citing Stroud Dep. 41-43).)  The charges were dismissed.

Defendants contend that evidence about these four arrests, two of which led to convictions, is admissible as impeachment evidence, but only to the extent that Plaintiff testifies that the police officers' use of force against him was unprovoked, and that he was otherwise cooperative with the officers.  Defendants argue that the prior arrests and convictions reveal that Plaintiff has a history of making unsubstantiated claims of the use of excessive force by police officers during arrest in which he did not resist.

Generally, extrinsic evidence is not admissible to prove specific instances of conduct to attack a witness's character for truthfulness.  Fed. R. Evid. 608(b).  On cross-examination, however, specific instances of misconduct may be "inquired into if they are probative of (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about."  *Id*.  If the evidence sought to be admitted is a witness's conviction for a crime punishable by death or by imprisonment for more than one year, it may be admissible under Rule 609(a)(1).  A conviction greater than ten years old is generally inadmissible unless the district court determines that "its probative value, supported by specific facts and circumstances,

substantially outweighs is prejudicial effect."   Fed. R. Evid. 609(b).[3]

Neither of Plaintiff's two prior convictions—the 1998 conviction and 2002 conviction—
is admissible as substantive extrinsic evidence under Rule 609(a).  Both of these convictions are
over ten years old.[4]  Defendants provide no "facts and circumstances" to support the probative
value of the 1998 conviction.  In addition, the 2002 conviction for obstructing the administration
of the law is not a crime that is "punishable by death or by imprisonment for more than one
year," and thus, is not admissible under Rule 609(a)(1).[5] Finally, the 2002 and 1991 arrests—for
resisting arrest and disorderly conduct, respectively—are not admissible as extrinsic evidence
under Rule 609(b) because neither resulted in a conviction.  The charges against Plaintiff were
dismissed.

Although these arrests and convictions may not be offered as substantive character
evidence under Rule 609(b), Defendants may be permitted to elicit information about the facts
and circumstances surrounding the arrests for purposes of impeachment.  It is anticipated that
Plaintiff will testify that, without any provocation, Defendant police officers used force against
him.  Plaintiff has made similar accusations in the past in relation to the arrests and convictions

---

[3] In balancing the probative value and prejudicial effect, the district court may consider
the following factors:  "the kind of crime involved; when the conviction occurred; the
importance of the witness' testimony to the case; the centrality of the witness' credibility; the
impeachment value of the prior crime; and the similarity of the past crime to the case *sub
judice*."  *Pettijohn v. Wusinich*, 705 F. Supp. 259, 260 (E.D. Pa. 1989).

[4] The ten-year time period starts to run at the time of the conviction or release from
confinement, whichever is later, Fed. R. Evid. 609(b), and concludes when the trial begins, *see
United States v. Hans*, 738 F.2d 88, 93 (3d Cir. 1984).  The 1998 conviction is approximately 13
years old, and the 2002 conviction is approximately 12 years old.

[5] Plaintiff was charged and convicted in New Jersey for this crime.  New Jersey law
states that obstructing the administration of the law is a disorderly persons offense, which bears a
maximum sentence of six months imprisonment. *See* N.J. Stat. Ann. § 2C:29-1; N.J. Stat. Ann.
§ 2C:43-8.  Plaintiff received only a fine for this conviction, and no jail time.

he now seeks to exclude.  To the extent that Plaintiff testifies at trial that he is innocent, that he did not resist, and that the police officers improperly used force against him, Defendants will be permitted to cross-examine Plaintiff about prior encounters with police officers where Plaintiff made the same accusations.  This line of inquiry is certainly probative of the issues presented in this case.  The evidence is also proper because its purpose would be to contradict testimony that Plaintiff provided under oath.  *See Morgan v. Covington Twp*., 648 F.3d 172, 179 (3d Cir. 2011) (holding that "impeachment by contradiction" evidence is admissible because it is qualitatively different than evidence that goes to a witness's character for truthfulness).

      **C.**      **Plaintiff's Motion to Exclude Evidence Concerning Encounters Between Plaintiff and Law Enforcement Post-Dating July 18, 2009 (ECF No. 34)**

Finally, Plaintiff seeks to exclude any evidence concerning encounters that he has had with law enforcement officials post-dating July 18, 2009, the date of the incident giving rise to the instant action.  (Pl.'s Encounters Mot. 1.)  Plaintiff contends that this evidence is not relevant, and only serves to "cast Plaintiff in a negative light to the jury."  (*Id*. at 2.)  Plaintiff does not identify or describe the encounters to which he refers.  Plaintiff merely states that Defendants questioned him during his deposition about post-incident encounters with law enforcement.  Without any information about these encounters, we are unable to assess whether evidence about them is relevant, *see* Fed. R. Evid. 401, whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, *see* Fed. R. Evid. 403, and whether the evidence may be admissible for purposes of impeachment, *see* Fed. R. Evid. 608.  Plaintiff's request to exclude this evidence is denied, without prejudice.  Plaintiff may again seek to exclude evidence of a post-incident encounter to the extent that Defendants attempt to offer it into evidence at trial.

## III.    CONCLUSION

For the foregoing reasons, Defendants' Motion *in Limine* to Preclude Plaintiff from Introducing Disposition of Criminal Charges and Results of Blood Alcohol Content Test will be denied, Plaintiff's Motion *in Limine* to Exclude Any and all Evidence Concerning Prior Criminal History will be granted in part and denied in part, and Plaintiff's Motion *in Limine* to Exclude Any and All Evidence Concerning Encounters Between Plaintiff and Law Enforcement Post-Dating July 18, 2009, will be denied, without prejudice.

An appropriate order will follow.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK,   J.**